UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| MOCHE' ISMA EL,<br>a/k/a Kenneth Mobley,<br><br>Petitioner,<br><br>v.<br><br>COMMONWEALTH OF KENTUCKY,<br><br>Respondent. | No. 5:12-CV-207-WOB-HAI<br><br>RECOMMENDED DISPOSITION |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On July 3, 2012, Petitioner Moche' Isma El, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.E. 1). On initial review, the Court perceived the petition to be premature because Petitioner does not appear to be in custody pursuant to a final State court judgment. D.E. 3. Based on this assessment, the Court ordered Petitioner to show cause why the Court should not recommend dismissal based on this lack of timeliness and finality. *Id.* at 2. In that same Order, the Court instructed the Clerk to provide Petitioner with a standard form for requesting relief pursuant to 28 U.S.C. § 2254, and ordered Petitioner to include a completed and signed form with his show cause response. *Id.* The Court's Order also clearly advised Petitioner that the Court would recommend dismissal if he failed "to provide a sufficient basis in law or fact to demonstrate that the Court has jurisdiction to entertain his purported § 2254 petition." *Id.* Petitioner failed to respond to the Court's Order, and the time for doing so has expired. Therefore, for reasons discussed below, the Court hereby **RECOMMENDS** that the District Judge **DISMISS** the instant Petition as premature.

Under 28 U.S.C. § 2254, a federal court may only "entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court*." 28 U.S.C. § 2254(a) (emphasis added). Moreover, a federal court is statutorily prohibited from granting a § 2254 petition unless: "(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." *Id.* at § 2254(b)(1)(A)-(B).

In his petition, which does not comply with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, Petitioner identifies what appear to be four State court case numbers (09-M-11-690; 08-CU-2725; 12-F-11-08; and 12-CR-699). D.E. 1 at 4. Petitioner asks the Court to grant a writ of habeas corpus in each above-listed case based on Petitioner's allegation that the State courts, among other unclear grounds, lack personal jurisdiction over him. *Id.* at 5. Petitioner provides no information as to the State court that issued any judgment, the date of any judgment, or the procedural status of each of the above-listed cases, the last of which seems to be in its early stages based upon Petitioner's request that the Court vacate an indictment. *Id.* at 6. Because the Court cannot grant relief under 28 U.S.C. § 2254 absent a final State court judgment (i.e., a judgment for which all available remedies have been exhausted by Petitioner), the Court finds that the instant petition "plainly appears" to be premature.

Before dismissing a matter on its own initiative, the Court "must accord the parties fair notice and an opportunity to present their positions. *Day v. McDonough*, 547 U.S. 198, 210 (2006); *see also Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000) ("The long-standing general rule is that a court may not dismiss an action without providing the adversely affected party with

notice and an opportunity to be heard."). To that end, the Court referenced the aforementioned concerns in its Order to show cause, *see* D.E. 3 at 2, but Petitioner failed to respond to the Court's Order. While an earlier mailing was returned to the Clerk as undeliverable, the Clerk was able to resend that particular mailing to an "updated mail address." *See* D.E. 2. Additionally, the Clerk's note dated July 24, 2012 indicates that the Court's show cause Order, along with an AO 241 form, was mailed to Petitioner, and nothing in the record indicates that the mailing was returned to the Clerk as undeliverable. Indeed, Petitioner's subsequent Motion to Return Property refers to the undersigned by name, *see* D.E. 4 at 1-2, and the only document that Petitioner would have received naming the undersigned as presiding over the instant petition is the Court's show cause Order. Therefore, a review of the docket and reasonable inferences from Petitioner's subsequent motion indicate that Petitioner received a copy of the Order listing the Court's jurisdictional concerns with the section 2254 petition and a warning that the Court would recommend dismissal if Petitioner failed to adequately address those concerns.

A court may exercise its inherent power to manage its docket to sua sponte dismiss a civil action, including actions pursuant to section 2254, for failure to follow court orders. *See, e.g., Harden v. Colson*, No. 4:12-CV-37, 2013 WL 1501996, at *2 (E.D. Tenn. Apr. 12, 2013) (slip opinion) (citing Fed. R. Civ. P. 41(b) and *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991) to dismiss a section 2254 action because the petitioner failed to comply with Court orders, including a show cause order); *Bristow v. Voorhies*, No. 1:06-CV-871, 2007 WL 1875695, at *1 (S.D. Ohio June 27, 2007) (unpublished) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962) and Fed. R. Civ. P. 41(b) in its adoption of a Magistrate Judge's recommendation to dismiss without prejudice a section 2254 action because the petitioner failed to respond to a show cause order). In short, Petitioner's failure to respond to the Court's Order is sufficient to

justify a recommendation of dismissal. Moreover, because Petitioner failed to demonstrate that he is in custody pursuant to a final State court judgment and failed to submit a proper section 2254 form, the section 2254 petition on its face simply fails to comply with 28 U.S.C. § 2254(a) and (b)(1)(A)-(B), leaving the Court unable to grant any relief sought by Petitioner. Therefore, the Court **RECOMMENDS** that the District Judge **DISMISS** without prejudice the instant section 2254 petition.

The District Judge should also **DENY** any request for a Certificate of Appealability. Where a § 2254 petition is dismissed on procedural grounds, a Certificate of Appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, the petition should be dismissed on procedural grounds, namely Petitioner's failure to respond to the Court's show cause Order and a lack of jurisdiction based on Petitioner's failure to show that he is challenging his custody under a final State court judgment. No Certificate of Appealability should issue because no jurist of reason would debate whether the petition complies with 28 U.S.C. § 2254(a) and (b)(1)(A)-(B).

## RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that the District Court **DISMISS** without prejudice the petition for a writ of habeas corpus under section 2254, and **DENY** the issuance of a Certificate of Appealability.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rule 8(b), Rules Governing Section 2254 Cases. Within fourteen days after being served with a

4

copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 29th day of April, 2013.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge